■ JUDITH ARSLANIAN et al., Respondents, v VOLKSWAGEN OF AMERICA, INC., et al., Appellants, and CHARLES DISTASIO, Respondent, et al., Defendants. (And Other Actions.)—In a products liability and negligence action to recover damages for personal injuries, etc., defendants Volkswagen of America, Inc. and Valley Stream Volkswagen, Inc. separately appeal from an order of the Supreme Court, Nassau County (Burstein, J.), dated November 8, 1984, which denied, respectively, their motion and cross motion for summary judgment.

Order affirmed, with one bill of costs.

This record presents triable issues of fact as to whether the brakes on the plaintiffs Arslanians' Volkswagen were defective, whether such defect was a proximate cause of the accident, and whether a reasonable inspection would have revealed the alleged defect. Evidence was presented in the plaintiffs' experts' reports that the master cylinder union in the Volkswagen brake system was improperly assembled, and that this would have caused problems with braking and steering.

As appellants introduced no expert evidence of their own, these reports, together with the examinations before trial, were enough to defeat the summary judgment motions. Appellants' argument that the accident would have occurred even if the brakes were functioning perfectly is not dispositive here, since faulty brakes could have contributed to the direction and intensity of the impact thereby enhancing or aggravating the injured plaintiff's injuries *(see, Bolm v Triumph Corp.,* 33 NY2d 151).

The argument by Valley Stream Volkswagen, Inc. that the defect could not have been discovered during a reasonable

inspection is also without merit. One of plaintiffs' experts states in his report that he visually detected the defect, and both experts agree that it was quite possible that a fitting was left off during assembly. Accordingly, summary judgment was properly denied. Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.